UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00122

SANDRA MARIE BROWN                                                                                    Plaintiff,

v.

BANKS GROCERY COMPANY                                                                          Defendant.

**MEMORANDUM OPINION**

This matter is before the Court upon Defendant Banks Grocery Company's Motion for Summary Judgment. (Docket No. 28.) Plaintiff Sandra Brown has responded, (Docket No. 33), and Defendant Banks Grocery Company ("Banks") has replied, (Docket No. 39). This matter is now ripe for adjudication. For the reasons that follow, Banks' Motion for Summary Judgment will be GRANTED.

**Factual Background**

Brown's claim arises from a slip and fall she suffered on August 29, 2010. Brown intended to go grocery shopping at SuperValu Foods #3 ("SuperValu"), located in Paducah, Kentucky and owned by Banks. During Brown's drive to the store, the weather became rainy: "a little more than a sprinkle," but not enough to necessitate windshield wipers. (Docket No. 28-2 at 44-45.)

Wearing flip-flop sandals, Brown walked across the wet parking lot to the store's entrance. (Docket No. 28-2 at 50.) She passed through SuperValu's first set of automatic sliding glass doors, which opened onto a foyer consisting of nearly seventeen feet of carpet. She proceeded across the foyer to a second set of automatic doors, which opened onto the tile floor of

the grocery area. As she stepped off the carpet onto the tile, the bottom of her flip-flop, still wet with rain, encountered the dry tile; she slipped and fell onto her left side, injuring her leg, arm, him, and lower back. (Docket No. 28-6; Docket No. 28-1 at 2; Docket No. 33 at 2.) Brown, a long-time patron of the store, contends that a rug was typically placed in the area where she fell. (*See* Docket No. 28-2 at 43, 51.) She does not claim that the water causing her accident was within SuperValu's control; rather, she testified that the moisture had already accumulated on her flip-flops when she entered the store. (Docket No. 28-2 at 46-47.)

Brown's safety expert, Dr. George V. Nichols, noted that the floor was safe under dry conditions. (*See* Docket No. 28-8 at 20 ("If it were dry and no moisture present, I'd have no reason to suspect that the slipperiness of the floor would have been increased.").) However, Dr. Nichols offers a two-pronged criticism of SuperValu. First, he opines that SuperValu should have provided additional carpeting on the date of the accident. (Docket No. 28-8 at 18-19.) He then concludes that SuperValu failed to adequately warn Brown of the potentially slippery conditions caused by the rain. (Docket No. 28-8 at 18-19.)

Greg Greene, the store's manager, testified that on the date of Brown's accident, SuperValu employees placed wet floor signs at the entrance, "where the flooring transitions from carpet to tile." (Docket No. 33-1 at 6.) However, there is no indication that such signs were placed in the entryway until after Brown's fall. (*See* Docket No. 28-2 at 47.) Greene also explained that twice yearly, Banks hires a cleaning company to strip, clean, and wax the tile floors. (Docket No. 33-1 at 11.) He noted that twice weekly, employees buff the store's floors. (Docket No. 33-1 at 11.)

2

In the instant Motion, Banks contends that because Brown points to no unreasonably dangerous condition on the SuperValu premises, it is entitled to summary judgment. Banks further argues that it had no duty to warn Brown of open and obvious, naturally occurring hazards.

**Legal Standard**

SuperValu moves for summary judgment, arguing that Brown has not established that it breached any duty owed to her, an essential element to this claim. Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; he must present evidence on which the trier of fact could reasonably find for him. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). "A plaintiff must put forward more than mere speculations or intuitions." *Frazier v. USF Holland, Inc.*, 250 F. App'x 142, 148 (6th Cir. 2007); that is, "the 'mere possibility' of a factual dispute is not enough." *Mitchel v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (quoting *Gregg v. Allen-Bradley Co.*, 901 F.2d 859, 863 (6th Cir. 1986)). Mere speculation will

not suffice to defeat a motion for summary judgment: "[T]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996), abrogated on other grounds by *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012).

**Analysis**

The Court will apply Kentucky's substantive law to Brown's claim. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001). A common law negligence claim grounded in Kentucky law requires the plaintiff to prove "(1) a duty on the part of the defendant; (2) a breach of that duty; and (3) consequent injury." *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992).

The parties do not dispute that SuperValu owed a duty to Brown, an invitee onto its premises. Instead, they contest whether SuperValu breached its duty and caused Brown's injuries. According to Brown, SuperValu created a potentially dangerous situation by waxing and buffing the tile floor and was aware of an unreasonable risk that a customer stepping onto the floor would slip and fall. (Docket No. 33 at 4, 7.) This potential hazard, she argues, obligated the store to provide additional carpeting and to warn of the risks attendant to walking on the floor wearing rain-dampened shoes.

Kentucky law requires a property owner to exercise reasonable care to protect invitees from hazardous conditions that he was aware of or should have discovered and that the invitee could not be expected to discover. *See Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 432-33 (Ky. 2003). A successful plaintiff must prove negligence by the property owner. *See id.* at 436-37. To survive a motion for summary judgment, a plaintiff must show that:

4

> (1) he or she had an encounter with a foreign substance or other dangerous condition on the business premises; (2) the encounter was a substantial factor in causing the accident and the customer's injuries; and (3) by reason of the presence of the substance or condition, the business premises were not in a reasonably safe condition for the use of business invitees.

*Martin v. Mekanhart Corp.*, 113 S.W.3d 95, 98 (Ky. 2003). If the plaintiff satisfies this standard, the burden shifts to the defendant, who must prove the absence of negligence. *See Barley v. Educ. Training Sys., Inc.*, 134 S.W.3d 612, 616 (Ky. 2004).

"Kentucky courts have most often found summary judgment inappropriate where a plaintiff can point to a discrete hazard on the floor." *Denney v. Steak N Shake Operations, Inc.*, 2014 WL 1041709 (6th Cir. March 19, 2014) (citing *Dick's Sporting Goods, Inc. v. Webb*, 413 S.W.3d 891, 896 (Ky. 2013) (plaintiff slipped on wet tile that appeared to be dry); *Martin v. Mekanhart Corp.*, 113 S.W.3d 95, 96-98 (plaintiff slipped on oil); *Lanier*, 99 S.W.3d at 433 (plaintiff slipped on clear liquid that she did not notice); *Lyle v. Megerle*, 109 S.W.2d 598, 599 (Ky. 1937) (plaintiff slipped on slush)). However, no such hazard existed at SuperValu, and no evidence suggests that a dangerous condition existed prior to Brown's fall.

Instead, Brown speculates that the store's waxing and buffing routines left the floor slick and slippery, resulting in a dangerous condition unsafe for the public. She concludes that had the floor not been in a dangerous condition, her flip-flops would not have slipped and she would not have fallen. However, this argument consists of pure conjecture. To the contrary, Brown's own expert testified that the tile floor presented no dangerous condition until Brown's sandals struck it. Brown's accident stemmed not from the floor—which was dry, safe, and clean—but from her rain-dampened flip-flop sandals.

5

The risks inherent in walking with wet shoes onto an otherwise dry, hard surface are open, apparent, and obvious to individuals who have experienced rainy weather, and it is common knowledge that such conditions call for care and caution. Kentucky law does not demand warnings against such hazards: "[N]atural hazards which are as obvious to an invitee as to the owner of the premises do not constitute unreasonable risks to the former which the landlord has a duty to remove or warn against." *PNC Bank, Kentucky, Inc. v. Green*, 30 S.W.3d 185, 186 (Ky. 2000) (quoting *Standard Oil Co. v. Manis*, 433 S.W.2d 856, 858 (1968)). Moreover, Brown herself knew of the rainy weather, the accumulation in the parking lot, and the dampness of her shoes.

Given this awareness, the Court cannot accept that SuperValu breached its standard of care by not cautioning Brown of such conditions. *See Johnson v. Lone Star Steakhouse & Saloon of Kentucky, Inc.*, 997 S.W.2d 490, 492 (Ky. App. 1999) ("'Reasonable care on the part of the possessor of business premises does not ordinarily require precaution or even warning against dangers that are known to the visitor or so obvious to him that he may be expected to discover them.'") (quoting *Bonn v. Sears, Roebuck & Co.*, 440 S.W.2d 526, 528 (Ky. 1969)); *see also Rogers v. Professional Golfers Ass'n of Am.*, 28 S.W.3d 869, 872 (Ky. 1969) (holding that while an invitee may assume that a business's premises are reasonably safe, "this does not relieve him of the duty to exercise ordinary care for his own safety, nor does it license him to walk blindly into dangers that are obvious, known to him, or would be anticipated by one of ordinary prudence."). Brown seems to assume that regularly waxing or buffing the floor of a public premise may constitute negligence per se should a patron fall on it. Her logic would render any tile surface a liability should an invitee slip on it due to a foreign substance on her shoes, regardless of the surface's previously safe condition.

In an effort to preserve her claim, Brown points to *Kentucky River Med. Ctr. v. McIntosh*, 319 S.W.3d 335 (Ky. 2010). In *McIntosh*, the Kentucky Supreme Court explained that "[t]o allow known or obvious conditions to always absolve land possessors from any liability 'would be to resurrect contributory negligence.'" *Id.* at 391. The court reasoned that "sometimes 'the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it.'" *Id.* (quoting Restatement (Second) of Torts § 343A(1) cmt. F). This "defense of foreseeable distraction" chinks the armor of the once decisive open-and-obvious doctrine. *Id.* at 394.

However, the defense of foreseeable distraction is a fact-specific one, hinging upon the context surrounding a plaintiff's injury. In *McIntosh*, for example, the plaintiff, an emergency medical technician moving a patient from an ambulance dock into the emergency room, was foreseeably distracted from an open and obvious uneven curb. *Id.* The court stressed the "dire need to rush critically ill patients through the emergency room entrance" and explained that the hospital should have foreseen that an invitee would encounter the open and obvious danger, given the high stakes confronting her. *Id.* Such circumstances do not exist here. Brown has offered no evidence that she was distracted from her "duty to act reasonably to ensure her own safety, heightened by her familiarity with the location and the arguably open and obvious nature of the danger." *Id.* at 395. *McIntosh* is accordingly distinguishable.

Brown also points to *Dick's Sporting Goods, Inc. v. Webb*, 413 S.W.3d 891 (Ky. 2013), concerning a shopper who alleged that the store negligently maintained its premises after she slipped on the entrance's wet tile. The Kentucky Supreme Court held that the wet tile did not present an open and obvious hazard, but a latent one. Unlike the *Dick's* floor, however, the SuperValu tile was dry and did not itself present a risk to Brown. Brown's flooring expert opined

7

that the tile floor was safe when dry and that the entryway's rug was of high quality and in good condition. Brown herself acknowledged that the tile did not cause her fall.

Instead, any hazard resulted from her slippery flip-flop sandals—a hazard known and obvious to her. A condition is known to a plaintiff when she is subjectively aware "not only . . . of the existence of the condition or activity itself, but also appreciate[s] . . . the danger it involves." *Dick's Sporting Goods*, 413 S.W.3d at 895 (quoting Restatement (Second) of Torts § 343A(1) cmt. b (1965)). The obviousness analysis objectively considers whether "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment." *Id.* (quoting Restatement (Second) of Torts § 343A(1) cmt. b (1965)). Brown, not SuperValu, enjoyed a superior ability to learn of and cure this danger. *See McIntosh*, 319 S.W.3d at 393. SuperValu was not bound to caution her against wearing wet shoes.

Although a business must provide reasonably safe conditions, it is not an insurer of the safety of invitees. Accordingly, even if SuperValu could have provided safer premises, Brown knew or should have known of the potential for harm. She had a duty to take care for her own safety, given the risks associated with rainy conditions. Therefore, summary judgment is appropriate. *See Shelton v. Kentucky Easter Seals Soc., Inc.*, 413 S.W.3d 901 (Ky. 2013) ("If reasonable minds cannot differ or it would be unreasonable for a jury to find breach or causation, summary judgment is still available to a landowner. And when no questions of material fact exist or when only one reasonable conclusion can be reached, the litigation may still be terminated.").

## Conclusion

For the reasons discussed above, and being otherwise sufficiently advised, the Court will GRANT Defendant's Motion for Summary Judgment, (Docket No. 28). A separate Judgment will be entered herein in accordance with this Opinion.