UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:12-CV-122-LLK

SANDRA MARIE BROWN                                                    PLAINTIFF

v.

BANKS GROCERY COMPANY                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

On *sua sponte* review, after a teleconference with counsel, the Court finds that diversity does not exist between the parties and this Court lacks subject-matter jurisdiction. 28 U.S.C. § 1332(a)(1). The Court must remand the case to the McCracken Circuit Court. 28 U.S.C. § 1447(c).

While reviewing motions in limine, the Court noted an inconsistency in the pleadings regarding the principal place of business of the Defendant. To invoke the diversity jurisdiction of the federal courts, Sandra Marie Brown ("Brown") and Banks Grocery Company ("Banks") must have been citizens of different states at the time of the complaint. 28 U.S.C. § 1332(a)(1). Section 1332 deems Banks, a corporation, a citizen of both its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1).

Because the determination of Banks's principal place of business goes to the subject-matter jurisdiction of the federal courts, this Court must consider the issue *sua sponte*. *Gonzalez v. Thaler*, 565 U.S. __, 132 S. Ct. 641, 648 (2012) (citing *U.S. v. Cotton*, 535 U.S. 625, 630 (2002)). The parties cannot waive or forfeit subject-matter jurisdiction defenses. *Id.* "The objections may be resurrected at any point in the litigation, and a valid objection may lead a court midway through briefing to dismiss a complaint in its entirety. '[M]any months of work on the part of the attorneys and the court may be wasted.'" *Id.* (alteration in original) (quoting

*Henderson v. Shinseki*, 562 U.S. __, 131 S. Ct. 1197, 1202 (2011)). All federal courts have an "independent obligation" to review their own subject-matter jurisdiction, regardless of the current progress of the litigation, including on final appeal. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

Brown filed her complaint in McCracken Circuit Court in the Commonwealth of Kentucky. Banks removed the case to the Western District of Kentucky, relying on diversity jurisdiction, 28 U.S.C. § 1332(a), via the removal statute, 28 U.S.C. § 1441(a). (Docket #1 at para. 2). Banks's Civil Cover Sheet also asserts diversity as the basis for jurisdiction. (Docket # 1-4). The parties agree, and the Court does not doubt, that diversity jurisdiction serves as the only potential basis for federal subject-matter jurisdiction, that the amount in controversy exceeds $75,000, exclusive of interest and costs, that Brown was a citizen of Kentucky at the time of her complaint, [1] and that Banks was a corporation organized under the laws of Illinois at the time of Brown's complaint. Banks's principal place of business serves as the sole, determinative issue of law.

The Supreme Court adopted the so-called nerve-center test to determine the principal place of business of a corporation. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Consistent with the jurisdictional statute, a corporation has only one principal place of business. *See Id.*; 28 U.S.C. § 1332(c)(1) (using the definite article regarding a corporation's principal place of business). The Court stated that principal place of business refers to the "place where a corporation's officers direct, control, and coordinate the corporation's activities." 559 U.S. at 92-

---

[1] Brown's citizenship, not her residency as alleged in the complaint and notice of removal, serves as the operative fact for determining diversity jurisdiction. *See Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943) ("Citizen and resident . . . are not synonymous, and in some cases the distinction is important." (internal quotation marks omitted)). However, the parties agree that Brown is a Kentucky citizen. Any citizen of the United States is a citizen of the state in which she resides. U.S. Const. amend. XIV, § 1.

93. Under normal circumstances the corporation's headquarters will serve as its principal place of business. *Id.* at 93.

The time Brown filed her complaint provides the operative time for considering the diversity of parties. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570-71 (2004). S*ee generally Id.* at 574 (stating that a different analysis applies for non-jurisdictional, diversity defects, including the requirements of the removal statute); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 70 (1996) (noting that the time of removal provides the relevant time to analyze compliance with the removal statute).[2] Changes in Brown's or Banks's citizenship since Brown filed her complaint cannot change the existence or non-existence of diversity jurisdiction. 541 U.S. at 574 (citing *Conolly v. Taylor*, 27 U.S. 556, 565 (1829)) (noting that changes in the parties to the suit, not the citizenship of the parties, may cure jurisdictional defects). Brown filed her complaint on July 28, 2011. (Docket # 1-1, at p. 9). The Court must determine Banks's principal place of business on that date by applying the nerve-center test of *Hertz*.

In its notice of removal, Banks stated that Brown resided in Kentucky and "a state other than the State of Kentucky" served as both Banks's state of incorporation and the location of its principal place of business. (Docket # 1); *see also* (Docket #1-4). A bald assertion of diversity of citizenship does not suffice to invoke the federal courts' subject-matter jurisdiction. *See Soler v. P.R. Tel. Co.*, 230 F. Supp. 2d 232, 234 (D.P.R. 2002). At the time it filed its notice of removal, Banks also filed a copy of the complaint and answer filed in the McCracken Circuit Court. Brown's complaint alleges "Defendant's [Banks] principal office is located at 2969 Jackson

---

[2] The Court addresses the propriety of removal only as a matter of the federal courts' subject-matter jurisdiction. The time for a motion to remand for any procedural, non-jurisdictional grounds lapsed long ago. 28 U.S.C. § 1447(c) (requiring the parties to make motions for remand on non–subject-matter jurisdiction grounds within 30 days of the notice of removal); *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 392 (1998).

Street, Paducah, McCracken County, Kentucky 42001 . . . ." Banks's answer admitted this allegation. (Docket # 1-1).

Banks bears the burden of establishing diversity jurisdiction. *Hertz*, 559 U.S. at 96. This burden applies to both Banks's initial allegations of jurisdictional facts and the support of those allegations when challenged by a party or the Court. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938). The term "principal office" does not establish Banks's principal place of business.

The Court invited the parties to present evidence and argument concerning the principal place of business for Banks. In determining this question of law, the Court considered the following evidence: an unsigned, undated copy to Banks's Corporate Annual Report due to the Illinois Secretary of State on or before November 1, 2010; Banks's Corporate Annual Report filed with the Illinois Secretary of State for 2011, signed and dated October 25, 2011; Banks's Annual Report filed with the Kentucky Secretary of State, filed on February 11, 2011; Banks's Corporate File Detail report from the Illinois Secretary of State, retrieved on February 24, 2015; a letter from Banks's counsel; the pleadings and notice of removal; and the statements and arguments of counsel during teleconferences with the Court to address this issue. When asked if they desired more time to gather additional evidence as to Banks's principal place of business, both parties' attorneys declined.

Banks's Illinois annual reports list 2969 Jackson Street, Paducah, Kentucky, as the "Principal Address of Corporation."[3] Banks's Kentucky annual report lists the same address as

---

[3] Illinois law requires an Illinois corporation to list a registered office in Illinois and a registered agent at that address. 805 Ill. Comp. Stat. 5/14.05(b) (2012). The statute also requires the listing of a principal office of the corporation. *Id.* at § 14.05(c).

both the "Principal Office"[4] and the address of the corporation's registered agent. The Illinois reports do list a registered agent in Cairo, Illinois. Each report lists a number of officers and directors of the corporation. While the Illinois filings list a number of addresses for officers not in Paducah, Kentucky, none has an Illinois address. All three reports list the president and secretary of the corporation with Paducah, Kentucky, addresses.

Banks's counsel presented a copy of the Corporation File Detail Report retrieved from the Illinois Secretary of State's website on February 24, 2015. The Court does not find this document persuasive as to the principal place of business as of the date of Brown's complaint. The document reflects current facts, not those existing in July of 2011.

Banks's counsel submitted a letter to the Court stating that Banks had at the time of removal and "has an active business located at 1912 Washington Avenue in Cario, Illinois." The Court does not doubt these facts and also assumes the location existed in July 2011. However, the existence of a retail business location does not determine the location of the principal place of business. A corporation can only have one principal place of business. The Court in *Hertz* stated that the corporation's headquarters typically serves as the principal place of business. 559 U.S. at 93. The letter by Banks's counsel does not indicate that the Cairo, Illinois, business ever served as headquarters or otherwise provided the nerve center of the corporation.

Upon the evidence before the Court, Banks has not met its burden of proving that its principal place of business exists outside of Kentucky. The Court finds, after considering all of the evidence before it, that Banks's headquarters, from which its officers direct, coordinate, and control the corporation's activities, existed on July 28, 2011, at 2969 Jackson Street, Paducah,

---

[4] Kentucky law defines "principal office" for the purposes of annual reports of both domestic and foreign corporations as "the address required by this chapter [the Kentucky Business Entities Filing Act] or the organic act to be of record with the Secretary of State as the principal office, the principal place of business address . . . ." Ky. Rev. Stat. Ann. § 14A.a-070(28) (West 2010).

Kentucky. Because Banks's principal place of business was within the Commonwealth of Kentucky on the operative date, Banks was a citizen of Kentucky for the purposes of diversity jurisdiction. 28 U.S.C. § 1332(c). Brown was also a citizen of Kentucky. Therefore diversity did not exist between the parties and this Court lacks subject-matter jurisdiction. 28 U.S.C. § 1332(a)(1). The Court must remand the case to the McCracken Circuit Court. 28 U.S.C. § 1447(c).

The Court has the discretion to make an award of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Court, having raised the issue *sua sponte* more than two and one-half years after removal, finds an award of costs and fees inappropriate.

IT IS HEREBY ORDERED that this action is REMANDED to McCracken Circuit Court on this Court's own motion, and this matter is to be STRICKEN from the Court's docket. IT IS FURTHER ORDERED that any pending motions in this case are DENIED AS MOOT.

c:     Counsel
p:     0.27